IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANTONIO LEONARDO LEE, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:24-CV-51 (LAG) |
| GREGORY W. EDWARDS, *et al.*, | : |
| Defendants. | : |

**ORDER**

Before the Court is Defendant Gregory Edwards' Motion to Dismiss (Motion). (Doc. 6). For the reasons below, Defendant Edwards' Motion is **GRANTED**.

BACKGROUND

This suit arises from Plaintiff Antonio Leonardo Lee's April 15, 2022 arrest in connection with the November 4, 2019 murder of Teresa Cole at the Albany Bus Station in Albany, Georgia. (Doc. 1 ¶¶ 9, 26).[1] As part of the investigation into the murder, Defendant Investigator Nakia Butler "interrogated Plaintiff at the Albany Police Department." (*Id.* ¶¶ 8, 12–17, 19). During the interrogation, Plaintiff "denied any involvement in Teresa Cole's murder." (*Id.* ¶ 20). Moreover, according to Plaintiff, video surveillance from a store near the bus station, phone records, and Lyft data demonstrate that "Plaintiff [left] the bus station prior to the murder[.]" (*Id.* ¶¶ 21, 22, 34). Defendant was arrested for the murder on April 15, 2022. (*Id.* ¶ 26). Thereafter, Defendant District Attorney Edwards indicted Plaintiff on charges of Malice Murder, Felony Murder, and Aggravated Assault; and Plaintiff was arrested and held at the Dougherty County Jail for several months. (*Id.* ¶¶ 27, 28). Plaintiff's attorney obtained the relevant records from Lyft

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's Complaint (Doc. 1) as true. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted).

and provided them to the District Attorney's Office. (*Id.* ¶¶ 33, 35). On June 23, 2023, Defendant Edwards "filed a Motion to *Nolle Prosequi* the criminal indictment" due to "[e]videntiary developments" that "raised doubt on [Plaintiff's] culpability in the crimes enumerated[.]" (*Id.* ¶ 38 (second alteration in original)). On the same day, the criminal indictment against Plaintiff was dismissed. (*Id.* ¶ 39).

On April 9, 2024, Plaintiff filed a Complaint, asserting the following claims: (1) malicious prosecution in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments against Defendant Butler; (2) malicious prosecution in violation of O.C.G.A. § 51-7-40 against Defendant Butler; (3) malicious prosecution in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments against Defendant Edwards in his individual capacity; and (4) malicious prosecution in violation of O.C.G.A. § 51-7-40 against Defendant Edwards in his individual capacity. (*Id.* ¶¶ 41–131). Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and pre-and post-judgment interest "as allowed by law." (*Id.* at 9–12, 17, 22). On May 2, 2024, Defendant Edwards filed a Motion to Dismiss. (Doc. 6). On May 22, 2024, Defendant Edwards filed a Motion to Stay Proceedings (Doc. 8), which the Court granted on July 9, 2024 (Doc. 14). Plaintiff filed a Response to Defendant Edwards' Motion to Dismiss on May 22, 2024 (Doc. 9), and Defendant Edwards filed a Reply on June 17, 2024 (Doc. 13). Accordingly, the Motion to Dismiss is ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff[]," but the

same liberal reading does not apply to legal conclusions. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (citations omitted). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

## DISCUSSION

I.  **Count III – Malicious Prosecution in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments**

In Count III of the Complaint, Plaintiff asserts a claim for malicious prosecution in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments against Defendant Edwards individually. (Doc. 1 ¶¶ 72–104). Defendant Edwards argues that this claim is barred because (1) Plaintiff fails to allege a federal claim against Defendant Edwards that is not barred by prosecutorial immunity, and (2) any federal claim against Defendant Edwards is barred by qualified immunity. (Doc. 6-1 at 4–7). In response, Plaintiff argues that Count III is not barred by absolute prosecutorial immunity or by qualified immunity. (Doc. 9 at 3–6, 12–17).

Plaintiff's federal claim against Defendant Edwards is barred by prosecutorial immunity. A prosecutor is immune from a civil suit for damages under 42 U.S.C. § 1983 when engaging in activities that are "intimately associated with the judicial phase of the criminal process," including "in initiating a prosecution and in presenting the State's case[.]" *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). This absolute immunity is broad, "render[ing] certain public officials completely immune from liability, even when their conduct is wrongful or malicious prosecution." *Hart v. Hodges*, 587 F.3d 1288, 1298 (11th Cir. 2009) (per curiam). The Eleventh Circuit has extended this absolute immunity to prosecutors' "acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* at 1295 (first quoting *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999); and then citing *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002)); *see also Kassa v. Fulton County*, 40 F.4th 1289, 1293 (11th Cir. 2022). Prosecutorial immunity, however, does not

apply to a prosecutor that functions either as an investigator or a complaining witness. *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). "[M]aking statements to the press, and providing legal advice to police regarding pre-indictment investigation techniques" are not covered by prosecutorial immunity. *Hart*, 587 F.3d at 1296 (citations omitted).

With regard to Defendant Edwards, the only acts of which Plaintiff complains were "undertaken in preparing for the initiation of judicial proceedings . . . and . . . occur[ed] in the course of his role as an advocate for the State." *Id.* at 1295. According to the Complaint, Defendant Edwards "obtained a criminal indictment[,]" "charged Plaintiff[,]" opposed Plaintiff's bond petition, and then later "filed a Motion to *Nolle Prosequi* the criminal indictment filed against Plaintiff[,]" all core prosecutorial functions. (Doc. 1 ¶¶ 27, 30, 38). Plaintiff argues that because Defendant Edwards also engaged in non-prosecutorial functions—participating in press conferences—his immunity for all of his actions, be they prosecutorial in nature or not, is waived. (Doc. 9 at 8–9). It is not. Defendant Edwards enjoys prosecutorial immunity for all of his actions that constitute core prosecutorial functions, including obtaining the indictment, charging Plaintiff, opposing bond, and seeking dismissal of the case. *See Hart*, 587 F.3d at 1297–98 ("After review, we agree with the district court that [the defendant] is entitled to absolute immunity for his alleged actions" which were "so intimately associated with the judicial phase of the criminal process as to cloak [him] with absolute immunity from suits for damages." (quoting *Allen v. Thompson*, 815 F.2d 1433, 1434 (11th Cir. 1987) (per curiam))); (*see* Doc. 1 ¶¶ 27, 30, 38).

Furthermore, the only allegations in the Complaint regarding the press conferences are that "[Defendant] Edwards participated in press conferences with respect to the case." (Doc. 1 ¶¶ 86, 119). While Defendant Edwards' participation in the press conferences would not be covered by prosecutorial immunity, Plaintiff has not alleged any misconduct by Defendant Edwards or any harm to himself resulting from Defendant Edwards' participation in them. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 276–79 (1993) (The Court considered Petitioner's allegation that Respondent made "false and prejudicial statements" at the prosecutor's public indictment and determined that "[Respondent's] statements to

4

the media [were] not entitled to absolute immunity"). Accordingly, Plaintiff's claims against Defendant Edwards in his individual capacity are barred by absolute immunity and the Court need not consider qualified immunity.

## II. Count IV – Malicious Prosecution in Violation of O.C.G.A. § 51-7-40

In Count IV, Plaintiff asserts a claim for malicious prosecution in violation of O.C.G.A § 51-7-40 against Defendant Edwards individually. (Doc. 1 ¶¶ 105–31). Plaintiff concedes that his state law claims are barred by the Eleventh Amendment. (Doc. 9 at 1).

## CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendant Edwards are barred by prosecutorial and Eleventh Amendment immunity. Accordingly, Defendant Edwards' Motion to Dismiss (Doc. 6) is **GRANTED**.

**SO ORDERED**, this 6th day of March, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**